[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 12-14322 and 13-13776
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-03008-RWS

ARLANDA ARNAY SMITH,

Plaintiff-Appellant,

versus

M. L. MERCER,
SOLOMON DANIELS,
JACQUELYN PHILLIPS,
in their official and individual capacities,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____

(July 14, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

In Case No. 12-14322, Arlanda Smith appeals the district court's grant of summary judgment in favor of Sergeant M.L. Mercer of the DeKalb County Police Department ("DKPD") in her individual and official capacity, and Deputies Solomon Daniels and Jacqueline Phillips of the DeKalb County Sheriff's Office ("DKSO"), (collectively "Defendants") in their individual and official capacities, in his *pro se* 42 U.S.C. § 1983 civil rights claim.  In Case No. 13-13776, Smith appeals the district court's denial of his motion for reconsideration of its order granting summary judgment in favor of Defendants.  We consolidated Smith's appeals.

## I. Summary Judgment

### A. Local Rule 56

Smith argues that the court erred by granting summary judgment in favor of Defendants in their official and individual capacities on his federal and state law claims.  He contends that the district court wrongly found that he was deemed to have admitted Defendants' facts pursuant to N.D. Ga. L.R. 56.

We review a district court's order granting summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party.  *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).  We give great deference to a district court's local rules, and review a court's application of local

2

rules for abuse of discretion.  *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008).

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Thomas*, 506 F.3d at 1363; *see also* Fed.R.Civ.P. 56(a).

The Federal Rules of Civil Procedure state that a party asserting that a fact is genuinely disputed must cite to specific materials in the record, and a failure to do so allows the district court to consider the fact as undisputed for purposes of the motion for summary judgment.  Fed.R.Civ.P. 56(c)(1)(A), (e)(2).  Similarly, Northern District of Georgia Local Rule 56.1(B) states, in relevant part, that a district court will deem the movant's statement of material facts as admitted unless the non-movant's response "contain[s] individually numbered, concise, nonargumentative responses corresponding to each of the movant's numbered undisputed material facts," and "(i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number)."  N.D. Ga. L.R. 56.1(B)(2)a.(1), (2).

Failure by the non-moving party to comply with Local Rule 56.1 is "the functional analog of an unopposed motion for summary judgment," but the district court must review the "movant's citations to the record to determine if there is, indeed, no genuine issue of material fact," before granting summary judgment.

3

*Reese*, 527 F.3d at 1268-69 (quotation omitted).  A district court applying Local Rule 56.1 must "disregard or ignore evidence relied on by the respondent – but not cited in its response to the movant's statement of undisputed facts – that yields facts contrary to those listed in the movant's statement." *Id.* at 1268.

While we liberally construe the filings of *pro se* plaintiffs, the Supreme Court has stated that it "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).  We have held that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Bilal v. Driver*, 251 F.3d 1346, 1348 n.1 (11th Cir. 2001) (noting that the fact that a plaintiff "filed his complaint pro se does not change the effect of the local rule").

Here, despite Smith's *pro se* status, the district court did not abuse its discretion in applying N.D. Ga. L.R. 56.1 to deem Defendants' facts admitted.  The district court previously warned Smith that he must comply with the local rules in drafting his response to Defendants' statement of material facts.  However, Smith's response failed to comply with L.R. 56.1 by not including citations to evidence. *See* N.D. Ga. L.R. 56.1(B)(2)a.(1), (2).  Smith is not excused from following the

4

court's rules of procedure simply because of his *pro se* status. *See, e.g.*, *Moon*, 863 F.2d at 837. The district court thus did not abuse its discretion in deeming Defendants' facts admitted, and disregarding or ignoring evidence relied on by Smith – but not cited in his response to Defendants' statement of undisputed facts – that yields facts contrary to those listed in Defendants' statement. *See Reese*, 527 F.3d at 1267 n.22, 1268. Although Smith failed to comply with Local Rule 56.1, creating "the functional analog of an unopposed motion for summary judgment," the district court was still required to review the "movant's citations to the record to determine if there is, indeed, no genuine issue of material fact," before granting summary judgment. *See id.* at 1268-69 (quotation omitted). As explained below, the district court properly granted summary judgment in favor of Defendants.

## B. Federal Official Capacity Claims

Smith's complaint alleged that Mercer, a DKPD employee, violated his constitutional rights by: (1) not conducting a warrant application hearing pursuant to O.C.G.A. § 17-4-40(b); (2) procuring an arrest warrant without probable cause; and (3) not taking him to a probable cause hearing within 72 hours after his arrest, as required under § 17-4-26. He alleged that Daniels and Phillips, DKSO employees, violated his constitutional rights by: (1) arresting him without probable cause; (2) using force during the illegal arrest; and (3) not taking him to a probable cause hearing within 72 hours after his arrest.

5

Section 1983 provides that:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To prevail in a civil rights action under § 1983, a plaintiff must show that: (1) the act or omission deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the act or omission was done by a person acting under color of law.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Official-capacity suits are another way of pleading an action against an entity of which an officer is an agent.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2035 n.55, 56 L.Ed.2d 611 (1978).  A county can be sued under § 1983 where the alleged unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Id.* at 690, 98 S.Ct. at 2035-36.  However, local governments may also be sued under § 1983 for constitutional violations pursuant to governmental custom, even if the custom has not received formal approval from the body's official decision makers.  *Id.* at 690-91, 98 S.Ct. at 2036.  A plaintiff must identify a "consistent and widespread practice" of constitutional

6

deprivations to prove local government liability for an unofficial custom. *Depew v. City of St. Mary's*, 787 F.2d 1496, 1499 (11th Cir. 1986).

Smith identified no official DeKalb County policy that he alleged is unconstitutional. *See Monell*, 436 U.S. at 690, 98 S.Ct. at 2035-36. In addition, his claims arise out of a single incident, and any unofficial custom must be "consistent and widespread." *See Depew*, 787 F.2d at 1499. Thus, the court properly granted summary judgment in favor of Defendants in their official capacities on Smith's federal claims.

## C. Federal Individual Capacity Claims

Qualified immunity shields government officials performing discretionary functions from § 1983 suits as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Wilson v. Layne*, 526 U.S. 603, 609, 119 S.Ct. 1692, 1696, 143 L.Ed.2d 818 (1999). We conduct a two-part inquiry in determining whether qualified immunity applies. *Hartsfield v. Lemacks*, 50 F.3d 950, 953 (11th Cir. 1995). First, the defendant official must prove that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred. *Id.* If the defendant satisfies this burden, the plaintiff must prove that the defendant violated clearly established law based upon objective standards. *Id.* Discretionary authority includes all actions of a government official that were: (1) taken pursuant

7

to the performance of his duties; and (2) were within the scope of his authority. *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994).

Here, Defendants showed eligibility for qualified immunity. First, Defendants' actions were performed pursuant to their job functions and within the scope of their authority. Second, Smith did not demonstrate that Defendants violated clearly established law. *See Leslie v. Hancock Cnty. Bd. of Educ.*, 720 F.3d 1338, 1345 (11th Cir. 2013) (holding that clearly established law is law decided by the Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court); *see also Hartsfield*, 50 F.3d at 953. Although Smith contended that Mercer violated O.C.G.A. § 17-4-20.1 by not investigating the claims of Smith's ex-wife, Marjorie Smith, Mercer attested that she investigated: (1) the criminal history of both parties; (2) prior abuse of the court system; (3) underlying issues such as mental incapacity or substance abuse; (4) the temporary protective order ("TPO"); (5) the greeting card; and (6) Smith's history of violating the TPO. Moreover, Mercer's investigation created probable cause to procure an arrest warrant for Smith because a greeting card signed by "Arlanda" was sent to Marjorie Smith when a TPO was in effect. *See Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003) (holding that probable cause to arrest exists "when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances

8

shown, that the suspect has committed . . . an offense").[1]  In addition, because Mercer was a law enforcement officer, she was not required to hold a preliminary warrant application hearing.  *See* O.C.G.A. § 17-4-40(b)(1) (describing procedures for warrant applications made "by a person other than a peace officer or law enforcement officer").  Further, Defendants were allowed to arrest Smith prior to trial because he was charged with violating a state statute, and not a county ordinance or citation.  *See* O.C.G.A. §§ 15-10-62(b), 63(d) (providing that those accused of violating county ordinances and citations "shall not be arrested prior to the time of trial," but violations of state statutes "may provide for immediate arrest").  Moreover, Daniels and Phillips did not violate the Fourth Amendment by falsely arresting Smith, because, as discussed above, Mercer's investigation supported probable cause, and an arrest made with probable cause does not violate the Fourth Amendment.  *See Wood*, 323 F.3d at 878.  Finally, contrary to Smith's assertion, the record shows that Smith admitted that he received a post-arrest hearing.  Accordingly, Defendants were entitled to qualified immunity on Smith's federal individual capacity claims.  *See Hartsfield*, 50 F.3d at 953.

## D. State Law Claims

---

[1] To the extent that Smith argues that the district court abused its discretion in denying his motions to strike evidence based upon Fed.R.Evid. 404(b) that Mercer submitted to the magistrate in support of the arrest warrant, his argument is meritless.

Smith conceded in the district court that state law barred his claims of malicious prosecution, false arrest, and false imprisonment against Deputies Daniels and Phillips.  Accordingly, his only remaining state law claim is against Sergeant Mercer for intentional infliction of emotional distress.

Sovereign immunity extends to the state and all of its departments and agencies, and can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is waived and the extent of the waiver.  Ga. Const. art. I, § 2, ¶ 9(e).  Departments and agencies of the State include counties, which are entitled to sovereign immunity.  *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1197 n.36 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002).  Smith has produced no evidence indicating that DeKalb County has waived its sovereign immunity for purposes of this suit.  Thus, sovereign immunity bars his state law claim against Mercer in her official capacity. *See* Ga. Const. art. I, § 2, ¶ 9(e); *Hill*, 40 F.3d at 1197 n.36.

Georgia law grants official immunity to public officials "for their discretionary acts unless they acted with 'actual malice.'"  *Hoyt v. Cooks*, 672 F.3d 972, 981 (11th Cir. 2012).  Actual malice requires the deliberate intent to cause the harm suffered.  *Id.*  Smith provided no evidence that Mercer acted with actual malice when she investigated and procured an arrest warrant pursuant to her

discretionary function.  Accordingly, Mercer is entitled to official immunity under Georgia law.  *See id.*

Based on the above, Smith was unable to demonstrate a genuine issue of material fact, and Defendants were thus entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *see also Thomas*, 506 F.3d at 1363.  Accordingly, we affirm the district court's grant of summary judgment in Defendants' favor in Case No. 12-14322.

## II. Motion for Reconsideration

In Case No. 13-13776, Smith argues that reconsideration is necessary "to correct a clear error of law or fact."  He again challenges the merits of the district court's summary judgment order.

We review the denial of a motion for reconsideration for an abuse of discretion.  *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004).  A party waives or abandons an issue by not addressing it in his initial brief, and we may affirm the abandoned issue.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-81, 683 (11th Cir. 2014).

Although the district court denied Smith's motion for reconsideration as untimely, Smith does not address that finding in his brief.  We thus affirm the district court's denial of Smith's motion for reconsideration, because Smith

11

abandoned the timeliness issue by failing to address it in his brief.  *See Sapuppo*,

739 F.3d at 680-81, 683.

**AFFIRMED.**